# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MATTHEW GILLESPIE and KYLE FRANKLIN,**

      **Plaintiffs,**

**v.**　　　　　　　　　　　　　　　　　　　Case No:  6:15-cv-2086-Orl-41DCI

**ROBINSON'S TRACTOR SERVICES, INC. and KIRK ROBINSON,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **AMENDED JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. 38)** |
| **FILED:** | **February 3, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.  BACKGROUND

On December 11, 2015, Plaintiffs instituted this action against Defendants alleging causes of action under the Fair Labor Standards Act (the FLSA) for minimum wage and overtime violations. Doc. 1. On October 24, 2016, the parties filed a Joint Report Regarding Settlement, advising the Court that the parties had settled the case. Doc. 32.

On December 8, 2016, the parties filed a Joint Motion for Approval of Settlement (the Original Motion), to which the parties attached the parties' settlement agreement (the Original

Settlement Agreement). Doc. 36. On January 19, 2017, the undersigned denied the Original Motion because the Original Settlement Agreement contained language that was overly broad and susceptible to an interpretation foreclosing Plaintiffs from bringing causes of action wholly unrelated to the wage claims at issue (the Original Order). Doc. 37. The undersigned ordered the parties to either remove the language or amend it to limit the scope of the release to claims for unpaid wages. *Id*.

On February 3, 2017, the parties filed an Amended Motion for Approval of Settlement (the Amended Motion), to which the parties attached an amended settlement agreement (the Amended Settlement Agreement). Doc. 38. The Amended Settlement Agreement did not include any of the language referenced in the Original Order. *Id*.

## II.    LAW

The settlement or compromise of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before giving its approval, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement;
- The complexity, expense, and likely duration of the litigation;
- The stage of the proceedings and the amount of discovery completed;
- The probability of plaintiff's success on the merits;
- The range of possible recovery; and

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payments of unpaid wages. *Lynn's Food Stores*, 679 F.2d at 1352-53.

- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). If the Court finds that the settlement reflects a fair and reasonable compromise of plaintiff's FLSA claims that are actually in dispute, then the Court may approve the settlement. *See Lynn's Food Stores*, 679 F.2d at 1354-55. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In addition to the foregoing factors, the Court must consider the reasonableness of the attorney fee "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] When determining the reasonableness of the attorney fee, the Court generally uses the lodestar method for guidance. *See Comstock v. Fla. Metal Recycling, LLC*, No. 08-81190-CIV, 2009 WL 1586604, at *2 (S.D. Fla. June 5, 2009) (citations omitted). However, if the parties represent that "the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless . . . there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney," the Court may approve the settlement without separately considering the reasonableness of the attorney fee. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

### III.   ANALYSIS

**A.  Settlement Amount**

This case involved disputed issues of liability under the FLSA minimum wage and overtime provisions, which constitutes a bona fide dispute.  Docs. 1; 7; 38 at 3.  In response to the Court's interrogatories, Matthew Gillespie alleged that Defendants owed him a total of $4,282.38, excluding liquidated damages, fees, and costs.  Doc. 14 at 2.  Kyle Franklin alleged that Defendants owed him a total of $12,240.00, excluding liquidated damages, fees, and costs.  Doc. 17 at 2.

In the Amended Motion, the parties represented to the Court that they agreed to a total settlement amount of $7,500.00 to be divided as follows:

1. $1,625.00 to Matthew Gillespie in damages;
2. $1,625.00 to Matthew Gillespie in liquidated damages;
3. $2,125.00 to Kyle Franklin in damages; and
4. $2,125.00 to Kyle Franklin in liquidated damages.

Doc. 38 at 4.  The parties further represented that Plaintiffs were represented by experienced counsel, that the parties conducted discovery, that Plaintiffs' likelihood of success and possible range of recovery was in dispute, that the parties agreed that the settlement amount reflected a reasonable "give-and-take" on the major issues in dispute, and that the negotiated settlement was in the parties' best interest.  Doc. 38 at 2-3.

Based upon the foregoing, the undersigned finds that the $7,500.00 is a fair and reasonable settlement amount in this case.  Accordingly, it is **RECOMMENDED** that the Court find the amount of the parties' settlement to be fair and reasonable.

### B. The Terms of the Amended Settlement Agreement

As previously discussed, on January 19, 2017, the undersigned denied the Original Motion because the Original Settlement Agreement contained language that was overly broad and susceptible to an interpretation foreclosing Plaintiffs from bringing causes of action wholly unrelated to the wage claims at issue. Docs. 36; 37. However, the parties removed the offending language from the Amended Settlement Agreement. Doc. 38 at 6-19. Upon review of the Amended Settlement Agreement, the undersigned finds that it is limited to claims for unpaid wages and that it does not affect the overall reasonableness of the settlement. Accordingly, it is **RECOMMENDED** that the Court find that the terms of the Amended Settlement Agreement do not affect the reasonableness of the settlement

### C. Attorney Fees and Costs

Under the Amended Settlement Agreement, Plaintiffs' counsel will receive a total of $5,000.00 in attorney fees and costs. Doc. 38 at 4, 6-7, 13-14. In the Amended Motion, the parties represented that the attorney fees and costs were negotiated separately from Plaintiffs' recovery. *Id*. at 4. The settlement is reasonable to the extent previously discussed, and the parties' foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiffs *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the amount of the attorney fees and costs to be fair and reasonable.

## IV. CONCLUSION

Accordingly, it is **RECOMMENDED** that:

1. The Second Amended Motion (Doc. 38) be **GRANTED** only to the extent the Court finds the settlement is fair and reasonable;

2. The Court enter an order dismissing the case claims with prejudice; and

3. Direct the Clerk to close the case.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 5, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy